UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 08 CR 07 |
| vs. ) | Judge Samuel Der-Yeghiayan |
| ) | |
| DEAN ROUPAS, et. al. ) | |

### DEFENDANT'S VERSION OF THE OFFENSE

NOW COMES Defendant DEAN ROUPAS, by and through his counsel, WILLIAM H. HOOKS, and respectfully submits Defendant's Version of the Offense pursuant to Local Rule 32.1(e) and in support thereof states as follows:

### Charges

1.   The Defendant, Dean Roupas (hereinafter "Mr. Roupas") concurs with the Government in its description of the charges in this case and its analysis that Mr. Roupas fully understands the nature and elements of the crime with which he has been charged and has had several opportunities to discuss the same with his attorney

2.   Mr. Roupas has voluntarily entered a plea of guilty to the indictment. Mr. Roupas concurs with the specific allegations associated to that charge as it is stated in paragraph 5 of the plea agreement.

### Defendant's Version of The Facts

3.   Mr. Roupas concurs with the government's synopsis of the facts as it is stated in paragraphs 6 and 7 of the plea agreement.

### Sentencing Guideline Calculations

4.   Mr. Roupas disagrees with the government as to the appropriate Sentencing Guidelines Manual to be applied in this case. It is Mr. Roupas' position that the Sentencing Guidelines Manuel in effect at the time of the alleged conduct, namely, the 2002 Sentencing Guidelines Manuel should be applied, rather than the 2007 Guidelines Manuel as suggested by the government.

5. If the 2002 Guidelines are used, the base offense level for the instant indictment is 10.

6. As stated in paragraph 11 (f) of the plea agreement, Mr. Roupas agrees to offense level enhancements in paragraphs 11 (b) (ii), (iii), and (iv) of the plea agreement.

7. Additionally, Mr. Roupas concurs with the offense level reductions in paragraphs 11 (b) (v) & (vi).

**Cooperation**

8. Mr. Roupas has fully and truthfully cooperated pursuant to his agreement to do so as stated in paragraph 12 of the plea agreement. Mr. Roupas volunteered and participated in a vast number of government monitored situations as well as meetings with FBI case agents, as well as separate meetings with Assistant United States Attorney Jacqueline Stern all in an effort to provide as much assistance to the government as he possibly could. Mr. Roupas' cooperation has included approximately 19 separate meetings with FBI agents, totaling approximately 55 hours between the years 2003 and 2008, during which Mr. Roupas provided relevant and useful information regarding his and others' criminal conduct. Additionally, in further cooperation with the government, Mr. Roupas has participated in approximately 48 recorded telephone conversations, as well as approximately seven video and audio recorded meetings, of which six involved staged pay-offs to other individuals. Additionally, Mr. Roupas, along with his attorney, has had at least five meetings with Assistant United States Attorney Jacqueline Stern in further cooperation with the government, totaling about 17 house of debriefing.

9. Verification of the extent of Mr. Roupas' cooperation with the FBI can be made by contacting Special Agent Ralph Renno at (312) 907-8860; also liaison was also made with Special Agent Timony and Special Agent Murphy. However, Special Agent Renno can comprehensively verify all of the aforementioned information. Contact information for Special Agents Timony and Murphy would be available through Special Agent Renno or

AUSA Stern if necessary. Verification of Mr. Roupas' cooperation with AUSA Jacqueline Stern can be made by contacting AUSA Stern at (312) 353-5329.

10. Mr. Roupas and his counsel have dozens of reports prepared by Mr. Roupas entitled "Summary of Contacts" which document in detail each contact, meeting, telephone call and other relevant information as between Mr. Roupas, the federal agents involved in the investigation and any and all targets of the investigation by date and time. Copies of the same can be provided to assist the probation officer in her verification processes.

11. Mr. Roupas concurs with the agreements relating to sentencing as provided in paragraph 13 of the plea agreement, wherein the government indicates that it will move the Court, pursuant to Guideline §5K1.1, to depart downward form the low end of the 2002 Guidelines range and recommend a sentence of 50% of the low end of the 2002 guidelines range. The government has recommended such a deduction in light of the fact that Mr. Roupas' cooperation began prior the decision of U.S. v. Demaree, 459 F.3d 791 (7th Cir. 2006), and also given the substantial extent of Mr. Roupas' cooperation. The same is also discussed in the government's May 5, 2008, letter directed to U.S. Probation.

### Other Factors Relevant For Sentencing

12. Mr. Roupas acknowledges that in the Court, in imposing a sentence, will consider in some non-mandatory manner the United States Sentencing Guidelines. However, following the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the federal Sentencing Guidelines are no longer mandatory; they are advisory. Upon the Court's considering the § 3553(a) factors, coupled with a review of Mr. Roupas' history and character, including his lack of a prior criminal record, educational background, non-violent temperament, close family ties (including raising two step-sons as his own);and considering the impact that an extended period of incarceration will have on both his wife, and the family-run business, a period of incarceration for the amount of time provided for in the Sentencing Guidelines is greater than necessary to accomplish the objectives of §

3553(a). Thus, given Mr. Roupas' history and character, an alterative sentence, such as a term of supervised probation, for all or part of the Court's sentence is sufficient but not greater than necessary in this case.

### Restitution

13. Mr. Roupas acknowledges that pursuant to Title 18, United States Code, § 3663A, the court must order Mr. Roupas, along with any jointly liable co-defendants to make full restitution in the amount outstanding at the time of sentencing. Mr. Roupas acknowledges the obligation to pay the restitution amount that is determined by the Court at the time of sentencing. However, given Mr. Roupas' current financial status, he does not have the ability to pay a significant amount in restitution.

14. Mr. Roupas agrees to pay the special assessment of $100 at the time of sentencing as stated in paragraph 17 of the plea agreement.

                                    Respectfully submitted,

                                    **HOOKS LAWS OFFICES, P.C.**

By:/s/ William H. Hooks
        **WILLIAM H. HOOKS**
        **HOOKS LAW OFFICES, P.C.**
        **134 N. LASALLE, STE 1400**
        **CHICAGO, ILLINOIS 60602**
        **(312)553-5252-(312)553-1510(Fax)**
        **ATTORNEY NO. 6180905**