UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 CR 07 |
| vs. | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| **DEAN ROUPAS**, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DEAN ROUPAS' SENTENCING MEMORANDUM
AND OBJECTIONS TO THE PSR**

NOW COMES Defendant DEAN ROUPAS, by and through his counsel, WILLIAM H. HOOKS, and respectfully submits Defendant Dean Roupas' ("Mr. Roupas") Sentencing Memorandum and Objections to the PSR to provide information to assist this Honorable Court in fashioning a sentence for Mr. Roupas that is "sufficient but not greater than necessary"[1] to achieve the statutory purposes of punishment as required by 18 U.S.C. §3553(s) in light of United States v. Booker, 125 S. Ct. 738 (2005), and requests a downward departure in sentence.

**I. PROCEDURAL BACKGROUND**

On February 26, 2008, Mr. Roupas appeared before the Honorable Samuel Der-Yeghiayan and voluntarily entered a plea of guilty to Count One of the indictment, pursuant to a non-binding plea agreement with the government. Prior to entering a guilty plea, Mr. Roupas provided substantial assistance to the government when he volunteered and participated in a vast number of government monitored situations as well as meetings with FBI case agents, as well as separate meetings with Assistant United States Attorney Jacqueline Stern all in an effort to provide as much assistance to the government as he possibly could. Mr. Roupas' cooperation has included approximately 19 separate meetings

---

[1] United States v. Booker, 125 S.Ct. 738 (2005).

with FBI agents, totaling approximately 55 hours between the years 2003 and 2008, during which Mr. Roupas provided relevant and useful information regarding his and others' criminal conduct. Additionally, in further cooperation with the government, Mr. Roupas has participated in approximately 48 recorded telephone conversations, as well as approximately seven video and audio recorded meetings, of which six involved staged pay-offs to other individuals. Additionally, Mr. Roupas, along with his attorney, has had at least five meetings with Assistant United States Attorney Jacqueline Stern in further cooperation with the government, totaling about 17 hours of debriefing.

Mr. Roupas recognizes and has affirmatively accepted personal responsibility for his criminal conduct and he has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

II.   OBJECTIONS AND CORRECTIONS TO THE PSR

The sentencing guidelines range provided for in the presentencing report is as follows:

| | |
|---|---|
| Base Offense Level | 12 |
| Specific Offense Characteristic | +2 |
| | +10 |
| Victim-Related Adjustment | 0 |
| Adjustment for Role in the Offense | +4 |
| Adjustment for Obstruction of Justice | 0 |
| Adjusted Offense Level (Subtotal) | 28 |
| Adjustment for Acceptance of Responsibility | -2 |
| | -<u>1</u> |
| Total Offense Level | 25 |
| Chapter Four Enhancements | 0 |
| Total Offense Level | 25 |

Mr. Roupas objects to the total offense level calculation in the PSR, as the above calculation is in agreement with the government's position that the 2007 Sentencing Guidelines should be applied at Mr. Roupas' sentencing. Mr. Roupas, as stated on page 4, lines 100 – 101 of the PSR, objects to the application of the 2007 Sentencing Guidelines in the instant matter and instead, reserves the right to argue that the 2002 Sentencing Guidelines should be applied to the instant sentencing hearing.

Page 7, lines 194-196, of the PSR makes reference to Mr. Roupas' indication that he has "paperwork" regarding the sale/transfer of firearms that he previously owned, and states that the same has not been provided. The bill of sale indicating that on November 20, 2007, Mr. Roupas, sold to his father, John L. Roupas, four (4) firearms for the sum of Five Hundred Dollars ($500.00), is attached hereto as Exhibit "A." Additionally, a copy of the deposit receipt, dated November 20, 2007, indicating the deposit of the funds from the firearms bill of sale is attached hereto as Exhibit "B."

Mr. Roupas reserves the right to raise any additional objections at the sentencing hearing should there be any at that time.

### III. FEDERAL SENTENCING GUIDELINES ARE ADVISORY

The Supreme Court's decision in Booker modified the Federal Sentencing Act, making the Guidelines advisory, rather than mandatory. In fashioning an appropriate sentence, the sentencing court must first calculate the applicable guidelines sentencing range. The sentencing guidelines are "the starting point and initial benchmark but are not the only consideration." Gall v. United States, No. 06-7949 (U.S. 12/10/2007). Upon considering the arguments of both parties for a particular sentence, the sentencing judge should consider all of the 18 U.S.C. §3553(a) factors to determine whether those factors support either party's position. Id. at 1. In calculating the appropriate sentence, the Court

must do so in a way that ensures that the sentence is "*sufficient, but not greater than necessary*," to fulfill the need for the sentence imposed. 18 U.S.C. §3553(a) (emphasis added).

In the recent case of Gall v. United States, No. 06-7949 (U.S. 12/10/2007), the Supreme Court held that the sentencing guidelines are the *starting point* and the *initial benchmark* but not the only consideration. Id., at 11.  Thus, after considering arguments from both parties for what they deem to be appropriate sentences, the district court should then consider all of the §3553(a) factors to determine whether they support the sentence requested by each party. Id, at 12. (emphasis added).  In doing so, the district court "may not presume that the Guideline range is reasonable [citation omitted].  He must make an *individualized assessment* based on the facts presented." Id. (emphasis added).  If the court determines that an outside Guidelines sentence is warranted, the sentencing judge must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance.  Id.

In the instant case, upon the Court's considering the § 3553(a) factors, coupled with a review of Mr. Roupas' history and character, including his lack of a prior criminal record, educational background, non-violent temperament, close family ties (including raising two step-sons as his own); and considering the impact that an extended period of incarceration will have on both his wife, and the family-run business, a period of incarceration for the amount of time provided for in the Sentencing Guidelines is greater than necessary to accomplish the objectives of § 3553(a).

A failure to consider §3553(a) factors present in the case other than the guidelines is a mandatory guidelines sentence and a violation of both the Sixth Amendment and Booker's remedial interpretation of the sentencing statute. See United States v. Williams, No. 6:04-CR-111-Orl-31Jgg (M.D. Fla. May 5, 2005) (criticizing government for disrespect for law in continuing to advocate that the guideline sentence is the only reasonable sentence; contrary to Booker and separation of powers).  Since Booker, even when there is no traditional

departure available or granted, the district court may still sentence outside the applicable guidelines range in exercising its discretion under §3553.

      a.    **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Roupas**

Mr. Roupas is a non-violent offender with no prior criminal history. Prior to the incidents involved in the instant action, Mr. Roupas was a law-abiding citizen. He received a Bachelor of Science degree in Accounting from the University of Illinois, Champaign-Urbana, Illinois, and a Juris Doctor from John-Marshall Law School in Chicago, Illinois. Mr. Roupas is currently employed as a Certified Public Accountant at Roupas and Roupas, a firm he co-owns with his father, John L. Roupas. Given Mr. Roupas' history and character, an alterative sentence, such as a term of supervised probation, or some other supervised release, for all or part of the Court's sentence is sufficient but not greater than necessary in this case. Enclosed hereto as Group Exhibit "C" are several character letters written on behalf of Mr. Roupas demonstrating his good moral character.

      b.    **The Need for the Sentence Imposed**

In the present case, when considering the above characteristics of Mr. Roupas the court should determine that a term of imprisonment is greater than necessary to provide just punishment for the offense. A term of probation is considered a sufficient punishment – even when the sentencing guidelines suggest a lengthy term of imprisonment. A sentence of probation is not a slap on the wrist and should not be viewed as a light sentence. Such a view of probation ignores the "'substantial restriction of freedom' involved in a term of supervised release or probation." Gall at 10.

Custodial sentences are "qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." Id. (citing United States v. Knights, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers do not

enjoy the absolute liberty to which every citizen is entitled."(quoting Griffin v. Wisconsin, 483 U.S. 868, 874 (1987)).   As a result of the instant criminal matter, Mr. Roupas will more than likely lose his Illinois law license and his registration as an accountant in the state of Illinois will be revoked as a result of this conviction. The loss of both his law license and the revocation of his registration as an accountant afford adequate deterrence from further criminal conduct.  Incarceration, following a conviction is a kiss of death far more reaching than a conviction alone when it comes to the revocation of one's professional licenses.  A term of supervised probation is sufficient, but not greater than necessary and will serve as a deterrent from similar activity in the future.

IV.   CONCLUSION

A term of probation or in the alternative a term below the applicable sentencing guidelines range is fully authorized by law and is sufficiently supported by the facts in the record.  The Court should grant a sentence below the advisory sentencing guidelines, and sentence Mr. Roupas to a term of supervised probation.

    Respectfully submitted,

    **HOOKS LAWS OFFICES, P.C.**

    By:/s/  William H. Hooks
    **WILLIAM H. HOOKS**

**WILLIAM H. HOOKS**
**HOOKS LAW OFFICES, P.C.**
**134 NORTH LASALLE, STE 1400**
**CHICAGO, ILLINOIS 60602**
**(312)553-5252 – (312)553-1510 (FAX)**
**ATTORNEY NO. 6180905**

**EXHIBITS "A", "B" AND GROUP EXHIBIT "C" WILL BE FILED UNDER SEPARATE COVER DUE TO TECHNICAL DIFFICULITIES WITH COMPUTER.**